O'BRIEN, BELLAND & BUSHINSKY, LLC
1526 Berlin Road
Cherry Hill, New Jersey 08003
(856) 795-2181
By:  Mark E. Belland, Esquire
     Mark E. Poist
     *Attorneys for Plaintiffs*

| | |
|---|---|
| **INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711 HEALTH & WELFARE & VACATION FUNDS** and **FINISHING TRADES INSTITUTE** and **HARRY J. HARCHETTS,** as Trustee and Fiduciary for INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711 HEALTH & WELFARE & VACATION FUNDS and FINISHING TRADES INSTITUTE; and **INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND,** and **GARY J. MEYERS**, as Trustee and Fiduciary for INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND;<br><br>27 Roland Avenue, Suite 200<br>Mt. Laurel, NJ 08054<br><p align="right">*Plaintiffs,*</p><br>v.<br><br>**A & S DRY WALL, INC.,**<br><br>113 Town Square Place, Suite 155<br>Jersey City, New Jersey 07310-1756<br><p align="right">*Defendant.*</p> | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY<br><br>Civil Action No.:<br><br><br><br>**COMPLAINT** |

Plaintiffs, by and through undersigned counsel, state as follows:

## JURISDICTION AND VENUE

1. This action is brought pursuant to Section 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132 and §1145 respectively, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, and the common law of ERISA.

2. The jurisdiction of this Court is invoked pursuant to Section 502 and 515 of ERISA, 29 U.S.C. §1132 and §1145 respectively, and Section 301 of the LMRA, 29 U.S.C. §185, and the common law of ERISA.

3. This Court is one of proper venue pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2) because Defendant, A & S Dry Wall, Inc., maintains a principal place of business in the State of New Jersey and/or conducts business in the State of New Jersey.

4. A copy of this Complaint is being served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail in accordance with 29 U.S.C. §1132(h).

## PARTIES

5. Plaintiffs, INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711 HEALTH & WELFARE & VACATION FUNDS and FINISHING TRADES INSTITUTE, and HARRY J. HARCHETTS, as Trustee and Fiduciary for INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711 HEALTH & WELFARE &

2

VACATION FUNDS and FINISHING TRADES INSTITUTE, and INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND, and GARY J. MEYERS, and Trustee and Fiduciary for INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND ("the Funds"), are trust funds established and maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5) and are employee benefit plans established and maintained pursuant to Section 3(1)(2) and (3) of ERISA, 29 U.S.C. §1002(1), (2) and (3), for the purpose of providing health benefits and other benefits to eligible participants.

6. The Funds qualify to commence this action, and are further authorized to sue in their own names, pursuant to Section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

7. Harry J. Harchetts and Gary J. Meyers are "fiduciaries" of the Funds within the meaning of Section 3(21) of ERISA, 29 U.S.C. §1002(21)(A) with respect to the collection of contributions due to the Funds.

8. The Funds maintain their principal place of business at 27 Roland Avenue, Suite 200, Mt. Laurel, New Jersey 08054.

9. The Funds bring this action on behalf of their Trustees, committee members, participants and beneficiaries pursuant to Section 502 of ERISA, 29 U.S.C. §1132, and Section 301 of LMRA, 29 U.S.C. §185.

10. Defendant, A & S Dry Wall, Inc. ("A & S"), is referred to as "Defendant" or "employer" or "party in interest" as defined in Sections 3(5) and 3(14) of ERISA, 29

U.S.C. §1002(5) and (14) respectively, and was and is an employer in an industry affecting commerce within the meaning of Section 301 of LMRA, 29 U.S.C. §185.

11. Upon information and belief, A & S' principal place of business is located at 113 Town Square Place, Suite 155, Jersey City, New Jersey 07310-1756.

12. Upon information and belief, A & S conducts and/or has conducted business in the State of New Jersey.

## COUNT ONE

13. The Funds incorporate the allegations in Paragraphs 1 through 12 of this Complaint as if set forth herein in their entirety.

14. At all times relevant hereto, A & S was a party to and/or agreed to abide by the terms and conditions of a collective bargaining agreement ("CBA") with one or more local labor unions or district councils affiliated with the International Union of Painters and Allied Trades District Council 711 ("the Union").

15. At all times relevant hereto, A & S also signed and/or agreed to abide by the terms of the Agreements and Declarations of Trust ("Trust Agreements") which govern the Funds, as well as the "Policy for Collection of Delinquent Contributions" ("the Policy"). The Trust Agreements and the Policy set forth the rules and regulations with respect to participation in and administration of the Funds.

16. By virtue of the CBA, Trust Agreements, the Policy, and in accordance with federal law and administrative regulations, A & S agreed:

  a. To remit fringe benefit contributions to the Funds on behalf of eligible employees of A & S who were employed on projects within the State of New Jersey;

  b. To remit fringe benefit contributions to the Funds in a timely manner;

  c. To submit monthly remittance reports to the Funds detailing all employees who worked in a given period of time and the amount of contributions to be remitted on behalf of said employee;

  d. To produce, upon request by the Funds, all books and records deemed necessary to conduct an audit of the A & S' records concerning its obligations to the Funds and to pay the cost of the audit if found to be delinquent or in violation of the Trust Agreements;

  e. To pay liquidated damages, interest, audit costs, and all costs of litigation, including attorney's fees, expended by the Funds to collect any amounts due as a consequence of A & S' failure to comply with its contractual and statutory obligations.

  17. Despite A & S's clear and unequivocal obligations under the terms of the parties' CBA, Trust Agreements, and the Policy, A & S has failed to remit the total amount of employee fringe benefit contributions that are to the Funds on behalf of all employees who were employed on projects within the State of New Jersey for the period of August 1, 2009 through March 19, 2010.

18. Payment of the delinquent contributions and penalties assessed against A & S has been demanded by the Funds on numerous occasions, but A & S has refused to submit the required payments.

19. Such delinquencies, if not paid in full immediately, constitute prohibited transactions under 29 U.S.C. §1106(a)(1)(B).

20. Defendant's failure to remit timely fringe benefit contributions has resulted in a violation of 29 U.S.C. §1145.

21. This action is brought by the fiduciaries of the Funds pursuant to Section 502(g)(2), 29 U.S.C. §1132(g)(2), and Section 515 of ERISA, 29 U.S.C. §1145, pursuant to which this Court is directed to award all unpaid contributions, interest, liquidated damages up to or exceeding twenty percent (20%), reasonable attorney's fees, court costs, and any other fees or relief which the Court deems appropriate.

**WHEREFORE**, the Funds respectfully request the following relief:

(A) Order A & S to pay all contributions due and owing to the Funds;

(B) Order A & S to pay interest on the delinquent contributions as provided by 29 U.S.C. §1132(g);

(C) Order A & S to pay liquidated damages in the amount of twenty percent (20%) as provided by 29 U.S.C. §1132(g);

(D) Order A & S to specifically perform all obligations to the Funds under the CBA;

  (E) Order A & S to pay the Funds' reasonable attorney's fees incurred in the prosecution of this action as provided by 29 U.S.C. §1132(g);

  (F) Order any such other and further relief as this Court may deem equitable, just and appropriate.

        Respectfully submitted,

        **O'BRIEN, BELLAND & BUSHINSKY, LLC**
        *Attorneys for Plaintiffs*

        */s/ Mark Poist*
        MARK E. POIST

Dated: 10/10/13